# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RAMEL BARNES and SHARWIN CARTER,<br><br>        Plaintiffs,<br><br>v.<br><br>WASTE PRO USA, INC., and WASTE PRO OF SOUTH CAROLINA<br><br>        Defendants. | CIVIL ACTION NO: 6:20-CV-1304-ORL-31DCI |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND MEMORANDUM IN SUPPORT

Plaintiffs RAMEL BARNES and SHARWIN CARTER ("Plaintiffs") and Defendants WASTE PRO USA, INC. ("Waste Pro USA") and WASTE PRO OF SOUTH CAROLINA, INC. ("Waste Pro South Carolina") (collectively, the "Parties"), hereby notify that the Court that the above-captioned case has been settled contingent upon approval of said settlement by the Court. The Parties request that the Court approve the Parties' settlement of Plaintiffs' claims and enter an Order approving said settlement, in accordance with 29 U.S.C. § 201, *et seq.*, and dismissing the instant action with prejudice. In support of their request, the Parties respectfully show the Court the following:

**I.  PERTINENT BACKGROUND.**

1. On September 28, 2017, Alfred Thomas and two others filed a collective action Complaint asserting claims for unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), against Delta Sanitation of Mississippi, LLC, Waste Pro

USA and Waste Pro Florida, Inc. The case was styled *Thomas, et al v. Waste Pro USA, Inc., et al.*, 8:17-cv-02254-CEH (M.D. Fla.).

2. On March 12, 2019, the court in *Thomas* entered an Order conditionally certifying a collective action on Thomas' claim under the FLSA. Plaintiffs both joined the *Thomas* action pursuant to this court-authorized notice.

3. On July 6, 2020, the Court entered an Order granting Defendants' Motion to Decertify Collective Action, which dismissed Plaintiffs' claims in the *Thomas* action and required that they refile individual actions.

4. On July 22, 2020, Plaintiffs refiled the instant lawsuit individually asserting the same claims for unpaid overtime as alleged in *Thomas* against Waste Pro South Carolina and Waste Pro USA.[1]

5. Thereafter, the Parties reached an amicable settlement, under which Waste Pro South Carolina agreed to pay the following: (1) $500.00 to each of Plaintiff Ramel Barnes and Sharwin Carter, as payment for all unpaid wages sought by Plaintiffs in their FLSA claims; and (2) $1,000.00 to Plaintiffs' counsel to resolve all claims for attorneys' fees and costs related to Plaintiff Ramel Barnes' and Sharwin Carter's claims, which was separately offered by Waste Pro South Carolina and agreed upon by Plaintiffs. The Parties' settlements are memorialized in the executed Settlement Agreements attached hereto as **Composite Exhibit 1**.

6. The Parties believe that the Settlement Agreements comprise reasonable

---

[1] While Plaintiffs Chuma Ikeme, Elijah Reed, Emmanuel Benight, Demario Sims and Brandon Melton also initially filed claims in this lawsuit, they had since voluntarily dismissed their claims and as such only Plaintiffs Ramel Barnes and Sharwin Carter remain in this lawsuit. D.E. 43.

2

compromise of Plaintiffs' claims for unpaid wages and attorneys' fees, pursuant to the FLSA, and hereby request the Court's approval of the settlement.

**II.     MEMORANDUM OF LAW.**

7. In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). Accordingly, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the settlement between the employer and the employee occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computation that are actually in dispute, and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. *Id.*, 679 F. 2d at 1354.

8. The Parties submit that the instant case involves a situation in which the Court may allow Plaintiffs to settle and release their FLSA claims against Waste Pro USA and Waste Pro South Carolina, as the proposed settlement arises out of an adversarial context in which all Parties have at all times been represented by counsel. Moreover, the Parties stipulate that they had a *bona fide* dispute, as reflected by Plaintiffs' Complaints, Defendants' Answers to the Complaints, and the extensive motion practice that occurred already in this matter as well as the related *Thomas* matter over the prior three years.

9. The Parties are satisfied with the settlement. They agreed to the terms of the settlement after reviewing the time records and confirming the accuracy of the calculations.

They were counseled by their respective attorneys and are resolving the instant action in order to avoid the uncertainty, time and expense associated with continuing to litigate this matter.

10.  Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009), the Parties and their counsel represent that the settlement of Plaintiffs' claim for attorney's fees and costs was addressed independently of the settlement of Plaintiffs' FLSA claim, and without regard to the amount paid to Plaintiffs in settlement of the FLSA claim. *Accord, e.g.*, *Freeman v. General Dynamics Info. Tech, Inc.*, No. 18 Civ. 855, 2019 U.S. Dist. LEXIS 177898 (M.D. Fla. Oct. 15, 2019) (affirming Magistrate's Order approving FLSA settlement where attorneys' fees and costs were addressed independently of the settlement amounts paid to FLSA plaintiffs). Plaintiffs' Counsel has incurred significantly more than $1,000.00 in attorneys' fees and costs during the course of this litigation as well as the related three-year *Thomas* litigation.[2] The filing fee and cost of service of process in this case totaled $675.00, and Plaintiffs have incurred more than 75 hours in this litigation alone. Thus, $1,000.00 in attorneys' fees and costs is a discount made by Plaintiffs' Counsel in an effort to provide Plaintiffs reasonable and fair compensation of their unpaid wages and associated damages.

WHEREFORE, the Parties attest to the fairness and reasonableness of their amicable settlement, and respectfully request that the Court grant the Parties' Motion for Approval of Settlement and Dismissal with Prejudice.

---

[2]  The *Thomas* case, which involved identical claims and overlapping legal issues, was heavily litigated by Plaintiffs' Counsel as multiple dispositive, procedural and discovery motions were briefed and the docket had nearly 400 entries at the time the case was certified. Thus, Plaintiffs contend that they have incurred significant attorneys' fees in this case.

Respectfully submitted this 23rd day of November, 2020.

| | |
|---|---|
| */s/ Gregg I. Shavitz* | */s/ Amy S. Tingley* |
| Gregg I. Shavitz | Amy S. Tingley, Esquire |
| Logan A. Pardell | Florida Bar Number 0068871 |
| SHAVITZ LAW GROUP, P.A. | Email: atingley@sctlaw.com |
| 951 Yamato Road, Suite 285 | Matthew J. Pearce, Esquire |
| Boca Raton, Florida 33431 | Florida Bar Number 0108368 |
| T. (561) 447-8888 | Email: mpearce@sctlaw.com |
| F. (561) 447-8831 | STOVASH, CASE & TINGLEY, P.A. |
| gshavitz@shavitzlaw.com | The VUE at Lake Eola |
| lpardell@shavitzlaw.com | 220 North Rosalind Avenue |
| | Orlando, Florida 32801 |
| | Telephone: (407) 316-0393 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below-named attorneys for Defendants on this 23rd day of November 2020 by notification through the Court's electronic case filing system:

STOVASH, CASE & TINGLEY, P.A.
Amy S. Tingley, Esquire
Florida Bar Number 0068871
Email: atingley@sctlaw.com
Matthew J. Pearce, Esquire
Florida Bar Number 0108368
Email: mpearce@sctlaw.com
Jennifer E. Belbeck, Esquire
Florida Bar Number 0088946
Email: jbelbeck@sctlaw.com
The VUE at Lake Eola 220 North Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393

s/Gregg I. Shavitz
Gregg I. Shavitz

5