# COMPOSITE EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE
## OF FAIR LABOR STANDARDS ACT CLAIM

**THIS SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIM** (the "Settlement Agreement") is made and entered into this 16 day of November, 2020, by and between RAMEL BARNES ("Plaintiff") and WASTE PRO OF SOUTH CAROLINA, INC. ("Waste Pro South Carolina"). Plaintiff and Waste Pro South Carolina may be referred to herein individually as a "Party" and collectively as "the Parties."

### RECITALS:

A.      **WHEREAS**, Plaintiff was employed by Waste Pro South Carolina as a Helper between May 29, 2014, and January 19, 2017.

B.      **WHEREAS**, on or about September 28, 2017, Alfred Thomas and two others filed a Complaint commencing a collective action asserting claims for unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, in the case styled *Alfred W. Thomas, Edward Allen and Dodd Blandon v. Waste Pro USA, Inc., Waste Pro of Florida, Inc., and Delta Sanitation of Mississippi*, in the United States District Court for the Middle District of Florida, as Case No. 8:17-cv-2264-CEH-TBM ("*Thomas*").

C.      **WHEREAS,** following the Court's Order in *Thomas* conditionally certifying the collective action, Plaintiff filed a Consent to Join the *Thomas* case.

D.      **WHEREAS**, on July 6, 2020, the Court in the *Thomas* entered an Order granting Defendants' Motion to Decertify Collective Action, which dismissed Plaintiff's claim and required that he refile an individual lawsuit.

E.      **WHEREAS,** on July 22, 2020, Plaintiff refiled his lawsuit individually asserting the same claims for unpaid overtime as alleged in *Thomas* against Waste Pro South Carolina and Waste Pro USA, Inc. in the case styled *Chuma Ikeme, et al. v. Waste Pro USA, Inc., et al.*, in the United States District Court for the Middle District of Florida, as Case No. 6:207-CV-1304-ORL-31DCI ("Action").

F.      **WHEREAS**, Waste Pro USA has denied that it ever employed Plaintiff (or any Helpers), either directly or as a joint employer, throughout the *Thomas* case and the Action.

G.      **WHEREAS**, the Parties have agreed to resolve Plaintiff's claims for unpaid overtime under the FLSA for the time period in which Plaintiff was employed as a Helper by Waste Pro South Carolina.

## AGREEMENT:

**NOW, THEREFORE**, for and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and accepted, the Parties agree as follows:

1. **Recitals.**    The foregoing recitals are true and correct and are hereby incorporated into this Settlement Agreement.

2. **Settlement of Disputed Claims.**  The Parties acknowledge and agree that this Settlement Agreement is given in compromise of a disputed claim and any payment made hereunder shall not be construed as an admission of liability by any current or previous defendant in the Action.  Without admitting any wrongdoing or liability, the Parties to this Agreement desire to amicably resolve all disputes between them arising from or related to Plaintiff's FLSA claim, including without limitation disputes related to damages, interest, attorneys' fees and costs asserted by Plaintiff in the Action.

3. **Settlement Payment.**  In consideration for the release set forth herein, Waste Pro South Carolina shall make a settlement payment of **One Thousand Dollars and No Cents ($1,000.00)** to Plaintiff and his counsel (the "Settlement Payment"), which shall be apportioned as follows: (1) Five Hundred Dollars and No Cents ($500.00) to Plaintiff, as payment for all unpaid wages sought by Plaintiff in his FLSA claim in the Action; and (2) Five Hundred Dollars and No Cents ($500.00) to Plaintiff's counsel to resolve all claims for attorneys' fees and costs asserted by Plaintiff in the Action under the FLSA.  Waste Pro South Carolina shall make the Settlement Payment to Plaintiff's counsel within ten (10) days of entry of the Court's Order Approving Settlement Agreement and Dismissing Plaintiff with Prejudice in the Action.

4. **FLSA Release.**  Except for the obligations and performances due under this Agreement, Plaintiff hereby releases, acquits, satisfies, and forever discharges Waste Pro South Carolina and Waste Pro USA from the FLSA claim that was asserted in the Action.  Plaintiff further releases, acquits, satisfies, and forever discharges Waste Pro South Carolina and Waste Pro USA from any claims for unpaid wages under the FLSA during the time period at issue in the Action accruing at any time prior to the execution of this Settlement Agreement.

5. **Attorneys' Fees and Costs.**  Other than the payment of Plaintiff's attorneys' fees and costs provided for in Paragraph 3 of this Settlement Agreement, each party in the Action shall bear its own attorneys' fees, costs, and court costs incurred in the Action.

6. **Acknowledgment.**  The Parties represent and acknowledge that they have read this Agreement and have executed the same after first conferring with counsel and that they have not

in any way relied upon any promise or representation of the other Party, or the other Party's counsel, in making this Agreement.

7.  **Corporate Authority.**  To the extent applicable, the representative(s) of Waste Pro South Carolina designated below warrant that he/she has the authority to execute this Agreement on behalf of the respective Party and its officers and/or directors, and with the intent that the Party be bound to the terms and conditions set forth herein.  This Agreement shall be binding upon the Parties, their successors and assigns.

8.  **Facsimile and Counterparts.**  This Agreement may be signed in counterpart and shall become binding once all the Parties have affixed their signatures hereto.  For purposes of enforcement of this Agreement, a signed copy by facsimile transmission shall be binding upon all parties as an original.

9.  **Joint Authorship.**  This Settlement Agreement shall be deemed to have been drafted jointly by the Parties.  Accordingly, any rule of construction to the effect that ambiguities are to be resolved against the drafting party, shall not apply to the interpretation of this Settlement Agreement or to any modification of or amendment to this Settlement Agreement.

10.  **Entire Agreement.**  This Settlement Agreement constitutes the entire agreement between the Parties on the subject matter hereof and supersedes all prior written and/or verbal agreements between them on the subject matter thereof.

11.  **Choice of Law.**  This Agreement shall be governed by the laws of the State of South Carolina, without regard to choice of law rules.

12.  **Severability.**  To the extent that any provision contained herein, or any portion of any provision contained herein, is deemed unlawful or unenforceable, that provision, or portion of a provision, shall be deemed severable from the remainder of this Agreement, and all other terms and conditions of this Agreement shall be given full force and effect.

13.  **Separability**.  Each and every covenant and agreement herein shall be separate and independent from any other and the breach of any covenant or agreement shall in no way or manner discharge or relieve the performance of any other covenant or agreement.

_Ramel Barnes_

Ramel Barnes

Date: _11/16/2020_____

3

WASTE PRO OF SOUTH CAROLINA, INC.
By: Kevin Exley
Its: Divisional Vice President
Date: November 16, 2020

## SETTLEMENT AGREEMENT AND RELEASE
## OF FAIR LABOR STANDARDS ACT CLAIM

**THIS SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIM** (the "Settlement Agreement") is made and entered into this 20 day of November, 2020, by and between SHARWIN CARTER ("Plaintiff") and WASTE PRO OF SOUTH CAROLINA, INC. ("Waste Pro South Carolina"). Plaintiff and Waste Pro South Carolina may be referred to herein individually as a "Party" and collectively as "the Parties."

### RECITALS:

A. **WHEREAS**, Plaintiff was employed by Waste Pro South Carolina as a Helper between May 16, 2016, and February 6, 2017.

B. **WHEREAS**, on or about September 28, 2017, Alfred Thomas and two others filed a Complaint commencing a collective action asserting claims for unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, in the case styled *Alfred W. Thomas, Edward Allen and Dodd Blandon v. Waste Pro USA, Inc., Waste Pro of Florida, Inc., and Delta Sanitation of Mississippi*, in the United States District Court for the Middle District of Florida, as Case No. 8:17-cv-2264-CEH-TBM ("*Thomas*").

C. **WHEREAS,** following the Court's Order in *Thomas* conditionally certifying the collective action, Plaintiff filed a Consent to Join the *Thomas* case.

D. **WHEREAS**, on July 6, 2020, the Court in the *Thomas* entered an Order granting Defendants' Motion to Decertify Collective Action, which dismissed Plaintiff's claim and required that he refile an individual lawsuit.

E. **WHEREAS,** on July 22, 2020, Plaintiff refiled his lawsuit individually asserting the same claims for unpaid overtime as alleged in *Thomas* against Waste Pro South Carolina and Waste Pro USA, Inc. in the case styled *Chuma Ikeme, et al. v. Waste Pro USA, Inc., et al.*, in the United States District Court for the Middle District of Florida, as Case No. 6:207-CV-1304-ORL-31DCI ("Action").

F. **WHEREAS**, Waste Pro USA has denied that it ever employed Plaintiff (or any Helpers), either directly or as a joint employer, throughout the *Thomas* case and the Action.

G. **WHEREAS**, the Parties have agreed to resolve Plaintiff's claims for unpaid overtime under the FLSA for the time period in which Plaintiff was employed as a Helper by Waste Pro South Carolina.

## AGREEMENT:

**NOW, THEREFORE**, for and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and accepted, the Parties agree as follows:

1.    **Recitals.**    The foregoing recitals are true and correct and are hereby incorporated into this Settlement Agreement.

2.    **Settlement of Disputed Claims.**   The Parties acknowledge and agree that this Settlement Agreement is given in compromise of a disputed claim and any payment made hereunder shall not be construed as an admission of liability by any current or previous defendant in the Action.  Without admitting any wrongdoing or liability, the Parties to this Agreement desire to amicably resolve all disputes between them arising from or related to Plaintiff's FLSA claim, including without limitation disputes related to damages, interest, attorneys' fees and costs asserted by Plaintiff in the Action.

3.    **Settlement Payment.**   In consideration for the release set forth herein, Waste Pro South Carolina shall make a settlement payment of **One Thousand Dollars and No Cents ($1,000.00)** to Plaintiff and his counsel (the "Settlement Payment"), which shall be apportioned as follows: (1) Five Hundred Dollars and No Cents ($500.00) to Plaintiff, as payment for all unpaid wages sought by Plaintiff in his FLSA claim in the Action; and (2) Five Hundred Dollars and No Cents ($500.00) to Plaintiff's counsel to resolve all claims for attorneys' fees and costs asserted by Plaintiff in the Action under the FLSA.  Waste Pro South Carolina shall make the Settlement Payment to Plaintiff's counsel within ten (10) days of entry of the Court's Order Approving Settlement Agreement and Dismissing Plaintiff with Prejudice in the Action.

4.    **FLSA Release.**   Except for the obligations and performances due under this Agreement, Plaintiff hereby releases, acquits, satisfies, and forever discharges Waste Pro South Carolina and Waste Pro USA from the FLSA claim that was asserted in the Action.  Plaintiff further releases, acquits, satisfies, and forever discharges Waste Pro South Carolina and Waste Pro USA from any claims for unpaid wages under the FLSA during the time period at issue in the Action accruing at any time prior to the execution of this Settlement Agreement.

5.    **Attorneys' Fees and Costs.**   Other than the payment of Plaintiff's attorneys' fees and costs provided for in Paragraph 3 of this Settlement Agreement, each party in the Action shall bear its own attorneys' fees, costs, and court costs incurred in the Action.

6.    **Acknowledgment.**   The Parties represent and acknowledge that they have read this Agreement and have executed the same after first conferring with counsel and that they have not

in any way relied upon any promise or representation of the other Party, or the other Party's counsel, in making this Agreement.

7. **Corporate Authority.** To the extent applicable, the representative(s) of Waste Pro South Carolina designated below warrant that he/she has the authority to execute this Agreement on behalf of the respective Party and its officers and/or directors, and with the intent that the Party be bound to the terms and conditions set forth herein. This Agreement shall be binding upon the Parties, their successors and assigns.

8. **Facsimile and Counterparts.** This Agreement may be signed in counterpart and shall become binding once all the Parties have affixed their signatures hereto. For purposes of enforcement of this Agreement, a signed copy by facsimile transmission shall be binding upon all parties as an original.

9. **Joint Authorship.** This Settlement Agreement shall be deemed to have been drafted jointly by the Parties. Accordingly, any rule of construction to the effect that ambiguities are to be resolved against the drafting party, shall not apply to the interpretation of this Settlement Agreement or to any modification of or amendment to this Settlement Agreement.

10. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties on the subject matter hereof and supersedes all prior written and/or verbal agreements between them on the subject matter thereof.

11. **Choice of Law.** This Agreement shall be governed by the laws of the State of South Carolina, without regard to choice of law rules.

12. **Severability.** To the extent that any provision contained herein, or any portion of any provision contained herein, is deemed unlawful or unenforceable, that provision, or portion of a provision, shall be deemed severable from the remainder of this Agreement, and all other terms and conditions of this Agreement shall be given full force and effect.

13. **Separability**. Each and every covenant and agreement herein shall be separate and independent from any other and the breach of any covenant or agreement shall in no way or manner discharge or relieve the performance of any other covenant or agreement.

_____
SHARWIN CARTER

Date: ____11/20/2020_____

3

WASTE PRO OF SOUTH CAROLINA, INC.
By: Kevin Exley
Its: Divisional Vice President
Date: November 16, 2020

4